IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:05-0014 |
| vs. ) | |
| ) | |
| Muttaqin Fatir Abdullah, ) | **ORDER AND OPINION** |
| ) | |
| Defendant ) | |
| ) | |

On October 21, 2005, Defendant Muttaqin Fatir Abdullah was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant was sentenced on September 12, 2006 to life imprisonment, to be followed by a term of supervised release for five years. Judgment was entered on September 13, 2006. Defendant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on August 27, 2007. On October 6, 2008, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied by order filed June 9, 2010.

By order of the Fourth Circuit issued March 2, 2016, Defendant was released pending resolution of Defendant's motion for authorization to file a second or successive motion under § 2255. At that time, the motion for authorization had been held in abeyance pending the Fourth Circuit's decision in In re Hubbard, 825 F.3d 225 (4th Cir. 2016). The court held a bond hearing on March 21, 2016 and issued an order settling conditions of release. Defendant was taken into state custody on March 24, 2016 pursuant to a detainer on charges of murder, weapon sale by a certain person/stolen gun, assault and battery with intent to kill, and possession of a weapon during a violent crime. Defendant was denied bond and was detained at the Sumter County Detention Center pending trial.

The Fourth Circuit authorized a successive § 2255 motion on May 5, 2016. Defendant filed a successive § 2255 motion the same day. On June 8, 2016, the Fourth Circuit decided Hubbard. The Fourth Circuit determined that Hubbard could obtain review of a successive petition based on a new rule announced by the United States Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). On June 9, 2016, the court granted Defendant's § 2255 motion raising the same ground for relief. On June 27, 2016, the court sentenced Defendant to time served. An amended judgment was entered on June 29, 2016.

It appears that Defendant was sentenced in state court to life imprisonment for murder, five years imprisonment for possessing a weapon, and 20 years for assault and battery with intent to kill. Defendant was transferred to the custody of the South Carolina Department of Corrections on or about October 21, 2016.

This matter is before the court on Defendant's motion to mandate his release from incarceration on his state charges, which motion was filed on September 3, 2019. Defendant contends the indictment should be dismissed because of the insufficiency of the evidence and based upon prosecutorial delay. To the extent Defendant asserts he is in custody in violation of his constitutional rights, his remedy is to seek a petition for a write of habeas corpus pursuant to 28 U.S.C. § 2254. Under § 2254(b)(1), Defendant must first exhaust the remedies available to him in state court.

To the extent Defendant seeks review of state court determinations regarding the sufficiency of the evidence or whether there was unnecessary delay in prosecuting his case, the Rooker-Feldman

doctrine[1] prohibits federal appellate review of judgments rendered by state courts, except by the Supreme Court, on appeal or by writ of certiorari. Accordingly, Defendant's motion to mandate his release (ECF No. 229) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 23, 2021.

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

3