IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 3:05-cr-14-SAL |
| v. | **OPINION AND ORDER** |
| Muttaqin Fatir Abdullah, | |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion requesting a new judge reconsider the previous order by the court denying his motion that the United States mandate the state of South Carolina immediately release Defendant. [ECF No. 234.] Some background information is required to understand the posture of Defendant's current motion.

On October 21, 2005, a jury found Defendant guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [*See* ECF No. 118.] On September 12, 2006, the Honorable Margaret B. Seymour, United States District Judge, sentenced Defendant to life imprisonment, with a five-year term of supervised relief in the event he was ever released. [ECF No. 140.] Defendant appealed his conviction and sentence, and he later filed a motion to vacate pursuant to 28 U.S.C. § 2255, but he was unsuccessful in those actions.

Although Defendant was initially unsuccessful in his attempts to challenge his conviction and sentence, he was eventually sentenced to time served following the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). [*See* ECF No. 230 at 1–2.] Nevertheless, by that time, Defendant was in state custody on charges of murder, weapon sale by a certain person/stolen gun, assault and battery with intent to kill, and possession of a weapon

1

during a violent crime. *See id.* at 1. He was eventually sentenced in state court to life imprisonment for murder, five years imprisonment for possessing a weapon, and 20 years for assault and battery with intent to kill. *See id.* at 2.

On September 3, 2019, Defendant filed a pro se motion asking this court mandate the state of South Carolina to immediately release him. [ECF No. 229.] In his motion, he raised claims of insufficient evidence and prosecutorial delay. *Id.* Judge Seymour previously considered his motion and denied it based on the following reasoning:

> This matter is before the court on Defendant's motion to mandate his release from incarceration on his state charges, which motion was filed on September 3, 2019. Defendant contends the indictment should be dismissed because of the insufficiency of the evidence and based upon prosecutorial delay. To the extent Defendant asserts he is in custody in violation of his constitutional rights, his remedy is to seek a petition for a writ[] of habeas corpus pursuant to 28 U.S.C. § 2254. Under § 2254(b)(1), Defendant must first exhaust the remedies available to him in state court.
>
> To the extent Defendant seeks review of state court determinations requiring the sufficiency of the evidence or whether there was unnecessary delay in prosecuting his case, the *Rooker-Feldman* doctrine prohibits federal appellate review of judgments rendered by state courts, except by the Supreme Court, on appeal or by writ of certiorari.

[ECF No. 230 at 2–3.] Defendant now seeks to have a different judge consider his motion because he believes Judge Seymour was biased. [ECF No. 234 at 4–5.] As explained by Defendant, he was accused by the court and his Federal Public Defender of making threatening comments to Judge Seymour during his sentencing hearing. *Id.* at 4. Although he seems to deny he threatened Judge Seymour, he indicates that, if she believed he did, she would have been biased towards him and should recuse herself. *Id.* at 4–5.

For reasons wholly unrelated to Defendant's motion, this case has been reassigned. Accordingly, Defendant's motion for reconsideration by a different judge is deemed moot.

To the extent Defendant's motion can be construed as a motion for reconsideration,[1] the court denies that motion. The court's previous order correctly explains the proper avenue for Defendant to challenge his state court convictions and sentences—he must avail himself of the habeas corpus process to properly raise these claims to the court.

For the reasons set forth in this order, Defendant's motion for another judge to consider his motion is deemed **MOOT**, and, to the extent his motion can be construed as a motion for reconsideration, it is **DENIED**.

**IT IS SO ORDERED**.

May 9, 2023
Columbia, South Carolina

s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge

---

[1] Petitioner relies upon Rule 48(b) of the Federal Rules of Criminal Procedure, which allows a federal court to "dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." However, that rule is not applicable to Petitioner's instant request, as Petitioner has articulate habeas corpus claims, and the appropriate rule for reconsideration of an order is Rule 60 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (indicating rules of civil procedure are applicable in habeas corpus cases); R. 12, Rules Governing § 2254 Cases ("The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules."). However, Petitioner has not demonstrated any grounds for relief from the court's previous order denying his motion that the court mandate the state court to immediately release him. *See* Fed. R. Civ. P. 60(b) (indicating the court may relieve a party from a final order for reasons such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief).